UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**MICHAEL G. BROOKS,**

Plaintiff,

v. **No. 4:25-cv-1069-P**

**UNITED STATES OF AMERICA,**

Defendants.

## OPINION AND ORDER

Before the Court are the cross-motions of Plaintiff, Michael G. Brooks, and United States for summary judgment. The Court, having considered the motions, the responses, the record, and applicable authorities, concludes that the motion of Plaintiff must be **DENIED** and the motion of United States must be **GRANTED**.

## BACKGROUND

Plaintiff filed this civil action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 ("FTCA"), seeking to recover $250,000.00 for pain and suffering, future medical costs, and emotional and psychological injuries arising out of his medical care while incarcerated at FMC Carswell. ECF No. 1. In particular, he alleges that a delay in needed surgery for a large hiatal hernia caused complications requiring ten different surgeries and a four-month hospital stay followed by further issues when he was ordered back to the facility from the hospital. *Id.* at 14–15.

## GROUNDS OF THE MOTIONS

Plaintiff alleges that he is entitled to judgment as a matter of law under a theory of *res ipsa loquitur*. That is, the facts of his case are so egregious and the negligence so obvious that no expert opinion is necessary to establish his right to recover. ECF No. 17. The United

States, on the other hand, points out that Plaintiff must have expert testimony to support his claims.

## APPLICABLE LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if it could change the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court views the evidence in the light most favorable to the nonmovant but need not comb through the record in search of evidence creating a genuine issue of material fact. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). Moreover, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purpose of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## ANALYSIS

Liability under the FTCA for medical malpractice is determined by the law of the state where the treatment occurred. 28 U.S.C. § 1346(b); *FDIC v. Meyer*, 510 U.S. 471, 477 (1994). Under Texas law, a malpractice claim has four elements: (1) the physician's duty to act according to an applicable standard of care, (2) a breach of the standard of care, (3) injury, and (4) causation. *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008). The plaintiff must establish the standard of care and prove by a preponderance of the evidence that the allegedly negligent act or omission was the proximate cause of the harm alleged. *Guile v. United States*, 422 F.3d 221, 225 (5th Cir. 2005). That is, the plaintiff must show that the harm was a foreseeable result of the negligence and the negligence must have been a substantial factor in bringing about the harm and without which the harm would not have occurred. *Id.*

"Unless the mode or form of treatment is a matter of common knowledge or is within the experience of the layman, expert testimony will be required" to meet the burden of proof. *Hannah*, 523 F.3d at 601

(quoting *Hood v. Phillips*, 554 S.W.2d 160, 165–66 (Tex. 1977)). Plaintiff does not disagree; rather, he urges that the doctrine of *res ipsa loquitur* should apply in his case. ECF No. 18 at 11–13. He recognizes that Texas courts have applied the doctrine only in egregious cases such as retained surgical objects, wrong-site surgery, and wrong-body-part surgery. *Id.* at 12–13. He argues that his case presents similar extraordinary circumstances because anyone would know that a 952-day delay in performing medically-necessary surgery is malpractice. *Id.* at 13. He overlooks, however, the need to prove that the damages he incurred resulted from the delay. *See Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984) (plaintiff must establish causal nexus between the event sued upon and his injuries). As the Fifth Circuit has noted "the mode of treatment for an inguinal hernia is not a matter of common knowledge or within the general experience of a layman." *Anderson v. United States*, 388 F. App'x 406, 407 (5th Cir. 2010). *See Jenkins v. United States*, No. 4:18-cv-0918-P, 2019 WL 6878174, at *4 (N.D. Tex. Dec. 17, 2019), *aff'd*, 857 F. App'x 820 (5th Cir. 2021). Whether and the extent to which the delay caused any damage is a subject for expert testimony. *Id.* In this case, a layperson could hardly know that the delay would result in ten different surgeries. As the government notes, the surgeries were performed by an outside contractor. ECF No. 20 at 9.

## CONCLUSION

For the reasons discussed, Plaintiff's motion is **DENIED**. The government's motion is **GRANTED** and Plaintiff take nothing on his claims in this action.

**SO ORDERED** on this **31st day of August 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE